UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PROMOTE INNOVATION LLC., § | |
| § | Case No. 2:10-CV-406 |
| Plaintiff, § | |
| § | COMPLAINT FOR FALSE |
| v. § | PATENT MARKING |
| § | |
| WD-40 COMPANY, § | |
| § | |
| Defendant. § | |

## DEFENDANT WD-40 COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, WD-40 Company ("WD-40"), files this Original Answer to Plaintiff Promote Innovation LLC's Original Complaint as follows:

WD-40 denies all allegations contained in Plaintiff's Original Complaint except those specifically admitted in this pleading. The first 36 paragraphs of this pleading are numbered to correspond to the paragraphs specified in Plaintiff's Original Complaint.

## NATURE OF THE CASE

1. WD-40 lacks sufficient knowledge or information to form a belief as to the true purpose of Plaintiff's suit. As for the remaining statements in Paragraph 1, Plaintiff has simply restated the statutory provision of the Patent Act to which a response is not necessary.

2. WD-40 lacks sufficient knowledge or information to form a belief as to the Plaintiff's averments concerning its corporate organization and principle place of business.

3. WD-40 admits that it is a Delaware corporation with a principal place of

business in San Diego, California, and that it has a registered agent for service in Texas.

## JURISDICTION AND VENUE

4. WD-40 admits that this Court has subject matter jurisdiction of Plaintiff's claims brought under the Patent Act.

5. WD-40 admits that its products are sold in the State of Texas, but denies that this Court has personal jurisdiction over WD-40.

6. WD-40 denies that venue for this suit is proper in the Eastern District of Texas, Marshall Division.

## FACTS

7. WD-40 denies falsely marking its product or utilizing falsely marked patents as alleged by Plaintiff.

8. WD-40 at this time lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning U.S. Patent No. 4,820,449, and therefore denies allegations that WD-40 has falsely marked its products with an expired patent.

9. WD-40 denies Plaintiff's allegations that "Defendant has marked the Falsely Marked Patents on False Marked Products." WD-40 further denies the remaining allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

10. WD-40 admits in general that patent information can be updated, but denies Plaintiff's allegations concerning U.S. Patent No. 4,820,449. WD-40 lacks sufficient knowledge or information at this time to form a belief as to Plaintiff's remaining allegations concerning this patent and needs addition time to review the patent and verify Plaintiff's claims.

11.     WD-40 lacks sufficient knowledge or information at this time to form a belief as to Plaintiff's allegation that "U.S. Patent No. 4,820,449 is the only patent marked on defendant's 2000 Flushes products." WD-40 needs addition time to review the patent or patents listed on the various 2000 Flushes products.

12-14.  WD-40 admits that it has retained legal counsel to handle its patents and related litigation. WD-40 denies Plaintiff's remaining allegations in Paragraphs 12-14 to the extent Plaintiff has suggested that WD-40 retained sophisticated legal counsel to utilize falsely marked patents or avoid compliance with the law.

15.     WD-40 admits knowing that an expired patent does not cover a product.

16.     WD-40 denies Plaintiff's allegation that "Defendant knew that the Falsely Marked Patents [as identified in Plaintiff's Original Complaint] were expired or otherwise inapplicable to the Falsely Marked Products." In the alternative, WD-40 asserts that Plaintiff's allegations as stated in Paragraph 16 are legal conclusions to which a response is not necessary.

17.     WD-40 denies Plaintiff's allegation that "Defendant knew that it was a false statement to mark the Falsely Marked Products [as identified in Plaintiff's Complaint] with an expired or otherwise inapplicable patent." In the alternative, WD-40 asserts that Plaintiff's allegations as stated in Paragraph 17 are legal conclusions to which a response is not necessary.

18.     WD-40 denies Plaintiff's allegation that "Defendant falsely marked the Falsely Marked Products with the Falsely Marked Patents for the purpose of deceiving the public." In the alternative, WD-40 asserts that Plaintiff's allegations as stated in Paragraph 17 are legal conclusions to which a response is not necessary.

## INJURY IN FACT TO THE UNITED STATES

19-21.   WD-40 denies that it made any false markings in violation of any law or that it resulted in injuries to the United States.   In the alternative, WD-40 asserts that Plaintiff's allegations as stated in Paragraphs 19-21 are statements of law or legal conclusions to which a response is not necessary.

22-25.   WD-40 asserts that Plaintiff has simply restated the policy considerations behind the law in Paragraphs 22-25 to which a response is not necessary.   WD-40 further denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff in Paragraphs 22-25.

26.   WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff.

27.   WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff.

28.   WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff.

29.   Plaintiff has simply stated legal conclusions to which a response is not necessary.

30.   WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff.   In addition, Plaintiff has simply stated legal conclusions to which a response is not necessary.

31.   WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff.   In addition, Plaintiff has simply stated legal conclusions to which a response is not necessary.

32. WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff. In addition, Plaintiff has simply stated legal conclusions to which a response is not necessary.

33. WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff. In addition, Plaintiff has simply stated legal conclusions to which a response is not necessary.

34. Plaintiff has simply restated the law to which a response is not necessary.

35. WD-40 denies falsely marking any patent or that its alleged conduct has resulted in the injuries alleged by Plaintiff. In addition, Plaintiff has simply stated legal conclusions to which a response is not necessary.

36. WD-40 denies Plaintiff's allegations that "Defendant has violated section 292 of the Patent Act by falsely making the Falsely Marked Products with intent to deceive the public."

## PLAINTIFF'S PRAYER FOR RELIEF

37. WD-40 denies that Plaintiff is entitled to any requested relief as listed under subparts A, B, and C in the corresponding paragraph of Plaintiff's Original Complaint.

## WD-40'S AFFIRMATIVE DEFENSES

38. WD-40'S responses in Paragraphs 1-37 set forth above are hereby incorporated by reference. WD-40 further asserts the following affirmative defenses:

39. Plaintiff's claims are barred in whole or in part to the extent the statutory conditions precedent to the filing of this suit have not been satisfied, and thus the Court lacks jurisdiction over such claims.

40. Plaintiff's claims against WD-40 are barred in whole or in part to the extent Plaintiff has failed to state a claim or cause action upon which relief can be granted.

41. Plaintiff's claims against WD-40 are barred in whole or in part to the extent the damages alleged were not reasonably foreseeable.

42. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations, laches, judicial estoppel, collateral estoppel, res judicata, assumption of the risk, one satisfaction rule, and/or election of remedies.

43. WD-40 reserves the right to amend this answer after it has had the opportunity to investigate more closely the claims asserted by Plaintiff.

## JURY DEMAND

44. WD-40 affirmatively requests a jury trial.

## CONCLUSION

45. For the reasons stated above, WD-40 respectfully requests that the Court enter judgment that Plaintiff take nothing in its suit against WD-40, and for any other relief to which WD-40 may be entitled.

                          Respectfully submitted,

                          By: /s/ David M. Medack
                              David W. Medack
                              State Bar No. 13892950
                              Federal Bar No. 15597

                          ATTORNEY IN CHARGE FOR
                          WD-40 COMPANY

HEARD & MEDACK, P.C.
9494 Southwest Freeway, Suite 700
Houston, Texas 77056
(713) 772-6400 – Telephone
(713) 772-6495 – Facsimile

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 (b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached was duly served upon each party by Facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 25th day of October, 2010.

Larry D. Thompson, Jr.
Zachariah S. Harrington
Matthew J. Antonelli
Antonelli, Harrington & Thompson LLP
4200 Montrose Blvd., Suite 430
Houston, Texas 77006
**Via Electronic Filing**

/s/ David M. Medack
Attorney for WD-40 Company